IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ARON FREELAND,

        Petitioner,

v.   Case No. 2:23-cv-00350

JOHN A. HUTCHISON, ELIZABETH D. WALKER,
TIM ARMSTEAD, Justices of the Supreme Court of
Appeals of West Virginia, *et al.*,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDATION

On April 24, 2023, Plaintiff, who is proceeding *pro se*, filed the instant Petition to Show Cause for Declaratory and Injunctive Relief to Order West Virginia Supreme Court of Appeals Justices and Circuit Court Judges to Comply with Their Sworn Constitutional Duty for Petitioner to Have Meaningful Access to the Court (ECF No. 1). Petitioner thereafter filed several motions for leave to amend and supplement his petition (ECF Nos. 6, 7, 22, 23, 25, & 26), which have been granted by separate order.[1] This matter is now proceeding on the amended petition contained in ECF No. 7.

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED**

---

[1] Petitioner has filed hundreds of pages of exhibits, many of which are duplicative of prior filings of documents from his state court proceedings.

that the presiding District Judge **DISMISS** the amended petition and this civil action pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915A.

## THE PLAINTIFF'S ALLEGATIONS

Petitioner is a state prisoner, having twice been convicted in the Circuit Court of Monongalia County of sexually based offenses. *See* Case Nos. 03-F-132 and 18-F-333 (Mon. Cty. Cir. Ct.). He is presently incarcerated at the Denmar Correctional Center and Jail in Pocahontas County, West Virginia.

Petitioner is a prolific litigator who has filed various habeas corpus and other petitions and complaints in state courts and administrative agencies challenging the validity of his convictions, his conditions of confinement in state correctional facilities, and the conduct of his court-appointed counsel. Petitioner also has tendency to file *pro se* motions and appeals in matters where he is represented by counsel.

The instant petition asserts that the transfers, delays, and denial of relief in his state court proceedings has deprived him access to the courts in violation of his federal constitutional rights. (ECF No. 1 at 2). The amended petition specifically names Justices John A. Hutchison, Elizabeth Walker, and Tim Armstead, three of the five justices of the Supreme Court of Appeals of West Virginia (the "SCWAV"), as respondents, and, according to the proposed summonses Petitioner has requested to be issued, he also seeks to name Judge Carrie Webster, Kanawha County Circuit Judge, as a respondent, despite not including her name in the style of the case. (ECF Nos. 29 & 31).[2] The amended petition herein contends that:

> [T]he West Virginia Supreme Court of Appeals Justices and the Court staff at the Supreme Court of Appeals; Monongalia County Circuit Court and Kanawha County [footnote omitted] Circuit Court have shut the Courthouse

---

[2] These letter-form motions to issue summonses will be addressed by separate order.

2

> doors on [Petitioner] by failing to issue a scheduling order to address the State and Federal constitutional violations that were committed against Plaintiff by prison officials who work in the West Virginia Division of Corrections and Rehabilitation.

(ECF No. 7 at 2). Petitioner further claims that he has been "denied access to the Court in violation of the 1st, 8th and 14th Amendment[s] of the United States Constitution . . . ." (*Id.*)[3]

Petitioner specifically alleges that, after four complaints he filed with the West Virginia Legislative Claims Commission concerning alleged interference by correctional officials with his litigation efforts were dismissed for lack of jurisdiction, he pursued a petition for a writ of habeas corpus in the Circuit Court of Monongalia County. *See Freeland v. Jividen*, No. 20-C-217 (Mon. Cty. Cir. Ct.). Counsel from Public Defender Services ("PDS") was initially appointed to represent Petitioner in that matter; however, after Petitioner filed a motion seeking new counsel, Jason T. Gain, of Losh Mountain Legal Services was appointed as new counsel. (ECF No. 1 at 3).[4]

Petitioner has been repeatedly transferred to various West Virginia correctional facilities. According to the instant petition, due to his transfers, his habeas corpus petition was also transferred from the Monongalia County Circuit Court to various other circuit courts in the counties where he has been incarcerated. It appears that Petitioner has had habeas corpus petitions pending in the Circuit Courts of Randolph, McDowell, and Pleasants Counties. At the time, the instant petition was filed, Petitioner's state habeas

---

[3] The amended petition also cites to 5 U.S.C. § 702, the federal Administrative Procedures Act, which has no application to Petitioner's claims against the state officials herein. (ECF No. 7 at 2).

[4] Petitioner is believed to have another pending habeas corpus petition challenging his earlier Monongalia County convictions. *See* Case No. 12-C-427 (challenging Case No. 03-F-132). The Circuit Court of Monongalia County apparently consolidated these two habeas corpus matters, with Case No. 20-C-417 being the lead case. However, according to attachments to the instant petition, those matters were subsequently deconsolidated and separate counsel was appointed to represent Petitioner. (ECF No. 4 at 21) (filed under seal). The amended petition does not address the status of the earlier matter.

petition was pending in the Circuit Court of Pleasants County.

During these state proceedings, Mr. Gain, allegedly over Petitioner's objection, withdrew some of the claims for relief concerning Petitioner's conditions of confinement that he considered to be moot due to Petitioner's transfers and he refused to raise certain claims that he considered to be legally frivolous. According to the amended petition, Pleasants County Circuit Judge Sweeney "recently denied Petitioner's petition without providing [him] with any hearings or opportunity to permit [him] to address the claims Mr. Gain and the Attorney General's Office withdrew without [his] consent." (ECF No. 7 at 5).

Petitioner also filed two unsuccessful complaints with the West Virginia Office of Disciplinary Counsel alleging ethical violations by Mr. Gain. *See* Case Nos. 22-01-461 & 22-05-478. His attempts to appeal the closure of those complaints or to seek mandamus relief from the SCAWV were fruitless. (ECF No. 7 at 5).

The amended petition also states that Petitioner filed a separate *pro se* habeas corpus petition in the Circuit Court of Kanawha County asserting that correctional officials were obstructing his litigation efforts in his criminal and habeas corpus proceedings by denying him access to the law library and updated computers, as well as sufficient communications with his counsel. Petitioner alleges that, at the time the instant petition was filed, Kanawha County Circuit Judge Carrie Webster had refused to appoint counsel or schedule a hearing and had taken no action on that petition. (ECF No. 7 at 2, n.1). From the exhibits of record herein, it further appears that Petitioner has filed numerous other unsuccessful appeals and petitions in the SCAWV.

Petitioner's instant petition asserts that there has been a "complete breakdown of the State Judicial System" resulting in a "miscarriage of justice." (ECF No. 7 at 5-6). He

requests that this federal court order Respondents to comply with their constitutional and ethical duties to review and resolve his state court proceedings.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding payment of any filing fee, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.[5] Pro se complaints and petitions, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such documents. However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

---

[5] Section 1915A screening is applicable to a complaint that, *at the time of filing*, is brought by "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997) (prisoner status determined at time of filing of complaint); *Thrash v. Cloud*, No. 5:10-CT-3205-D, 2011 WL 9134011, * 1 (Aug. 30, 2011) (section 1915A screening applicable even where Plaintiff pays full filing fee).

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint or petition, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the document's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Such review is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court,

6

drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Furthermore, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Petitioner. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez,* 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Dement v. W. Va.* No. 2:20-cv-00388, 2020 WL 5502305, at *1 (S.D. W. Va. Sept. 11, 2020). Because it appears that this federal district court either lacks subject matter jurisdiction or the petition seeks relief from respondents who are immune, the undersigned has not ordered service of process on the respondents or required their appearance herein.

## ANALYSIS

### A.     No jurisdiction to grant mandamus relief against state officials.

At bottom, the relief sought by Petitioner (an order compelling state judges to conduct proceedings and act in a certain way) is equivalent to mandamus relief.  Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.

7

28 U.S.C. § 1361 (Emphasis added). Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Moreover, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). However, this court does not have jurisdiction to grant mandamus relief against state officials, such as the justices and judges named as respondents herein. *In re Smith*, 789 F. App'x 381, 382 (4th Cir. 2020) (citing *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *see also In re Myles*, 777 F. App'x 75, 76 (4th Cir. 2019); *Blake v. Hood*, No. 3:21-cv-00167, 2021 WL 2587169, at *4 (S.D. W. Va. June 1, 2021), *report and recommendation adopted*, 2021 WL 2580520 (S.D. W. Va. June 23, 2021) ("This Court has no general authority to compel action by the West Virginia circuit clerks, or by the State's director of inmate records.")

Petitioner's amended petition improperly seeks an order from this federal court compelling action by state judicial officials. Accordingly, the undersigned proposes that the presiding District Judge **FIND** this United States District Court lacks subject matter jurisdiction to issue mandamus relief to compel the respondent justices, judges, or courts to act in a particular way in his state court proceedings or grant him any other relief therein. Therefore, dismissal of the petition pursuant to Fed. R. Civ. P. 12(h)(3) is warranted.

    **B.    Judicial immunity.**

It is firmly settled that judges are immune from liability for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It is a judge's duty to decide all cases

within his or her jurisdiction, including controversial cases that arouse the most intense feelings in the litigants. Errors may be corrected on appeal, but a judge should not have to fear that unsatisfied litigants may hound him or her with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.

> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id*. This is true even where, as here, a litigant seeks prospective injunctive relief.

In *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." That decision, however, was later abrogated by statute. In 1996, "Congress passed the Federal Courts Improvement Act, amending Section 1983 with the intent to overrule *Pulliam*." *Allen v. DeBello*, No. 16-2644, 2017 WL 2766365, at *4 (3d Cir. Jun. 27, 2017); *Donato Malave v. Abrams*, 547 Fed. Appx. 346, 347 (4th Cir. 2013). As amended, § 1983 now specifically provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. *See Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-cv-02819-RDP, 2014 WL 5090723, at *3 (N.D. Ala. Oct. 9, 2014) ("Judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity."). Moreover, a complaint seeking a declaration of past wrongdoing by a judge, in contrast to one seeking

9

to halt a present or ongoing violation of federal law, is not a claim for prospective injunctive relief, but rather is retrospective in nature; such a complaint is barred by absolute judicial immunity. *See, e.g., Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)).

Petitioner's constitutional claims are actionable, if at all, under § 1983 and, pursuant to the plain language of that statute, his request for prospective injunctive relief is barred by judicial immunity, as he has not established the exceptions to that provision. *See Black v. W. Va.*, No. 3:19-cv-00561, 2019 WL 4866216, at *5 (S.D.W. Va. Sept. 11, 2019), *report and recommendation adopted,* 2019 WL 4877526 (S.D.W. Va. Oct. 2, 2019) (granting absolute judicial immunity and dismissing claims for injunctive relief from judges acting in their judicial capacity). Petitioner's claims and the relief sought herein are grounded in actions taken by state court judges and justices in their judicial capacity. Thus, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that Petitioner's claims are not construed to be seeking mandamus relief, they are barred by absolute judicial immunity. Thus, the amended petition fails to state a claim upon which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915A.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Amended Petition and this civil action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915A.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

10

have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 29, 2023

Dwane L. Tinsley
United States Magistrate Judge